IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, | C/A No. 3:11-2758-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Patterson, Intercity Broadcasting Manager, and Chief David Thomas, Federal Bureau of Investigation, | |
| Defendants. | |

The plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

This is the thirteenth *pro se* case that Plaintiff has filed in this court since October 2002. See Civil Action Nos. 3:11-2662; 3:11-2661; 3:11-2660; 3:11-2659; 3:11-2314; 3:11-2313; 3:11-2132; 3:11-439; 0:11-362; 3:09-2598; 3:08-2965; 3:02-3370. Each of the previous twelve cases were summarily dismissed without prejudice either for frivolousness or failure to state a claim on which relief may be granted. Virtually all of the prior complaints contained similar allegations to those contained in the Complaint filed in this case and named the same or similar defendants to those named in this case. The court takes judicial notice of Plaintiff's previous cases in this court and of the outcome of those cases. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (" 'The most

*PJG*

frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' "); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

In the Complaint filed in this case, Plaintiff once again alleges that Defendant Patterson and the radio station of which he is the manager had "internal devices" placed in Plaintiff's head and stomach. He alleges that Defendant Patterson violated his constitutional rights because he has been eavesdropping and spying on Plaintiff through use of these devices since 2005. Similar allegations of placement of internal devices in Plaintiff's body were contained in the complaints submitted in Civil Action Nos. 3:08-2965; 3:09-2598; 3:11-2132; 3:11-2313; 3:11-2659, and 3:11-2661. Further, Plaintiff alleges that Defendant Thomas, an FBI agent, violated his constitutional rights by failing to issue a "victim's warrant" to prosecute Defendant Patterson for the alleged placement of listening devices in Plaintiff's body. He seeks an undisclosed amount of damages for the alleged constitutional violations and asks the court to provide him with a "special assistant" to help him with his disability of schizophrenia. (Compl., ECF No. 1 at 18.)

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,



404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint filed by Plaintiff in this case is subject to summary dismissal for the same reasons that many of his prior case were summarily dismissed:  (1) his allegations about the implantation of listening devices in his body are delusional, and (2) there is no constitutional right to require the criminal prosecution of another person.  As the United States Court of Appeals for the Fifth Circuit stated quite some time ago:  "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient."  Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records).

PJG

Initially, insofar as Plaintiff seeks to sue Defendant Patterson for allegedly implanting listening devices into his body and monitoring his activities since 2005, his Complaint should be summarily dismissed for frivolousness. Such allegations are not believable to a reasonable person and indicate delusions on Plaintiff's part which may be attributable to the mental illness of schizophrenia that he admits he has. See Nat'l Institute of Mental Health, *Schizophrenia*, http://www.nimh.nih.gov/health/publications/schizophrenia/index.shtml (last consulted October 28, 2011 (1:12pm)) (among listed symptoms are hallucinations, delusions (including paranoid delusions of persons spying on and plotting against them), and thought/movement disorders). Complaints containing these types of allegations have been found frivolous in this Circuit. See Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (prisoner's claim of poisoning and illegal experimentation through ingredient in prison's pancake syrup was fanciful or delusional; appeal dismissed as frivolous with sanctions); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"); see also Feurtado v. McNair, No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations).

Furthermore, to the extent that Plaintiff continues to allege that his constitutional rights were violated by Defendant Thomas's and/or the FBI's failure to arrest and/or institute criminal charges against Defendant Patterson and/or Inner City Broadcasting

Corp.,[1] Plaintiff's Complaint is both frivolous and fails to state a claim on which relief may be granted.  The Complaint is frivolous because Plaintiff has been told by this court at least twice previously in this same year that he has no right to criminal prosecution of another in his prior cases, yet he continues to attempt to raise such invalid claims.  See, e. g., Civil Action Nos. 3:11-2314 and 3:11-2662.  His allegations fail to state a viable § 1983 claim or any other federal cause of action against Defendant Thomas because it is settled that no citizen of this country has a constitutional right to force law enforcement to arrest or prosecute another person.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (applying Linda R.S. v. Richard D. and collecting cases).

Closely on point is Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981), which arose in South Carolina.  In Leeke, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards.  The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants.  In Leeke, the United States Supreme Court reiterated its earlier holding in Linda R.S. v. Richard D., and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons.  See Leeke, 454 U.S. at 86-87.  Moreover, the Leeke Court cited a similar precedent from the South Carolina Supreme Court.  See 454 U.S. at 87 n.2 (citing State v. Addison, 2 S.C. 356, 364 (1871)).  A close and careful examination of the allegations contained in the Plaintiff's Complaint does not

---

[1] This appears to be the proper spelling for the company of which Patterson is a manager.  See http://www.business-lists.com/search/detail2.asp?id=F8E48287A48677F3A9809A2886310858 (business-lists.com: "Steve Patterson, General Manager") (last consulted November 28, 2011).



disclose any reference to any specific federal constitutional or statutory rights allegedly violated by the defendant's inaction, nor are there any allegations that the defendant failed or refused to act because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated against Defendant Thomas, even under the most liberal construction of the Complaint in this case.

Finally, as stated above, Plaintiff's allegations fail to state any viable federal claim against either defendant. Also, the allegations fail to state any viable claim against either defendant that would be cognizable under the court's diversity jurisdiction since Plaintiff and at least one of the defendants (Patterson) are South Carolina residents. See C.L. Ritter Lumber Co. v. Consolidation Coal Co., 283 F. 3d 226, 229 (4th Cir. 2002) (diversity jurisdiction requires that all the persons on one side of a case are citizens of different states from all the persons on the other side); see also Newman-Greene, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (same). In the absence of any viable claim under either federal question or diversity jurisdiction, the Complaint filed in this case should be summarily dismissed without service on either defendant.

## RECOMMENDATION

Because this *pro se* litigant continues to file frivolous pleadings containing virtually identical delusional allegations against virtually the same opposing parties as those contained in numerous prior complaints that this Court determined to be frivolous and since he continues to seek to assert claims based on allegations that he has previously been told fail to state viable claims, the court recommends that the Complaint in this case be dismissed with prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. at 324-25.



Furthermore, it is recommended that the United States District Judge issue a warning to Plaintiff that further filing of frivolous, vexational, or delusional law suits in this court may lead to the imposition of sanctions by this court. The warning should indicate that sanctions which the court may consider include, but are not limited to, the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order fo contempt of court; and any and all other forms of sanctions available under Federal Rule of Civil Procedure 11.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 28, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).